**Law Offices of Nicomedes Sy Herrera, Esq.**
41 River Terrace, Suite 403
New York, New York 10282
(212) 842-4613

---

November 26, 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/07

*Via* **First Class Mail**

The Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re:   *1230 Park Assocs. LLC v. Sturm*, 07-CV-3743 (RJS)
      Request for Pre-Motion Conference for Motion to Dismiss

Dear Judge Sullivan:

I represent the defendant, Hiram Sturm, M.D., in this action. Pursuant to Rule 2(A) of this Court's Individual Practices Rules, I respectfully request a pre-motion conference for an anticipated motion to dismiss the complaint that Dr. Sturm intends to file pursuant to Fed. R. Civ. P. 9, 12(b)(6) and 12(b)(7).

By way of background, the plaintiffs' complaint alleges that Dr. Sturm participated in several fraudulent conveyances purportedly orchestrated by his brother-in-law, Stanley Soltzer. Dr. Sturm is prepared to prove at an appropriate time that, beginning in April 1993, he has lent Mr. Soltzer hundreds of thousands of dollars. The most recent loans occurred when Mr. Soltzer borrowed $100,000 from Dr. Sturm in or about July 25, 2005. Mr. Soltzer also borrowed a short-term loan of $50,000 from Dr. Sturm on September 19, 2005, with the promise to repay within four months.

Plaintiffs allege in the complaint that sometime *after* Dr. Sturm made these loans to Mr. Soltzer—beginning on or about November 1, 2005—Mr. Soltzer began obtaining improper loans collateralized by plaintiffs' assets and engaging in other misconduct. Dr. Sturm is a complete stranger to any of the alleged misconduct, and he has no knowledge of any of the allegations in the complaint concerning them.

In December 2005, Mr. Soltzer repaid a total of $100,000 of the outstanding loans he owed to Dr. Sturm, including the short-term loan made on September 19. Even after these repayments, there still remains a balance over $350,000. It is these repayments—totaling $100,000 between December 2005 and June 2006—that

forms the basis of plaintiffs' complaint against Dr. Sturm.[1] As such, the gravamen of the complaint rests on the faulty premise that these repayments were made without value and therefore constituted fraudulent conveyances intended to circumvent creditors.

This Court need not resolve any factual issues to determine Dr. Sturm's anticipated motion to dismiss. The complaint should be dismissed simply because Mr. Soltzer—whose joinder would defeat diversity jurisdiction under 28 U.S.C. § 1332— is a necessary and indispensable party under Fed. R. Civ. P. 19.

As the alleged debtor, Mr. Soltzer is a party with an interest in the subject matter of this action and is a necessary and indispensable party under Fed. R. Civ. P. 19. *Cf. , e.g., In re Palumbo*, 353 B.R. 37, 41 (Bankr., D. Mass. 2006) ("[b]oth the transferor and the transferee should be named as necessary parties to a fraudulent transfer suit"), *citing* 5 Collier, *Bankruptcy*, ¶ 548.07[1] at 548-54, n. 1 (15th ed. revised 1998); *accord. Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971), (absent party who was actively involved in the conversion of plaintiff's stock was a necessary and indispensable party); *First Nat. Bank v. Shuler.* 153 N.Y. 163, 47 N.E. 262 (N.Y. 1897).

Here, virtually all of the allegations in the complaint concern alleged wrongdoing by Mr. Soltzer with respect to numerous real estate transactions in which Dr. Sturm is a complete stranger and about which he lacks personal knowledge. Indeed, throughout the 149 numbered paragraphs in the complaint, not a *single* allegation asserts that Dr. Sturm dealt with any of the plaintiffs or their principals, or had any involvement whatsoever in the transactions between plaintiffs and Mr. Soltzer.

Plaintiffs also assert in their Second, Third, Fourth, Fifth and Ninth Claims various causes of action that require an actual intent to defraud. The complaint fails to clearly specify that Dr. Sturm knowingly or intentionally participated in any fraudulent conveyances. Nevertheless, by requesting attorneys' fees in the Ninth Claim for intentional fraud under N.Y. Debtor and Creditor Law § 276-a, plaintiffs are required to plead with particularity the fraudulent conveyance claims underlying such claim for relief. *See In re Sharp Intern. Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (holding that plaintiffs had not pled intentional fraudulent conveyance under New York law with requisite specificity); *In re Crazy Eddie Sec. Litig.*, 802 F. Supp. 804, 817 (E.D.N.Y. 1992). Plaintiffs have failed to do so.

To the contrary, the allegations in the complaint strongly suggest that no fraudulent transfers have occurred, much less transpired with the knowing and intentional participation by Dr. Sturm. Protecting unwarranted damage to the reputation of Dr. Sturm—a full Clinical Professor at Emory University School of Medicine and highly respected senior member of the medical profession in Atlanta—from baseless charges of fraudulent conduct is precisely the reason why the legislature and the courts require such

---

[1] The amount of purported fraudulent transfers in the complaint total $150,000. (Complaint, ¶¶ 71-75.) However, the two payments for $25,000 each in ¶¶ 74-75 are duplicative of those alleged in ¶¶ 72-73.

2

allegations to be pled with particularity. Accordingly, Dr. Sturm intends to move this Court to dismiss the Second, Third, Fourth, Fifth and Ninth Claims for the additional reason that plaintiffs have failed to plead fraud with the requisite particularity required under Fed. R. Civ. P. 9.

The remaining claim for wrongful preference should also be dismissed for the additional reason that plaintiffs have failed to allege—and cannot plead—the requisite elements to support that cause of action. This is because New York's fraudulent conveyance laws do not prohibit even the "preferential payment of pre-existing debts to some creditors . . . whether or not it prejudices other creditors." *In re Sharp Intern. Corp.*, 403 F.3d 43, 54. While wrongful preference may be viable if there were a bankruptcy proceeding concerning Mr. Soltzer, we are unaware of any such proceedings.

For the foregoing reasons, we intend to file on behalf of Dr. Sturm a motion to dismiss the complaint in its entirety and request a pre-motion conference in accordance with this Court's Individual Practices Rules.

Respectfully,

Nicomedes Sy Herrera, Esq.

NSH/eu

cc: Goldberg Weprin & Ustin LLP
Attn: Matthew Hearle, Esq.
1501 Broadway, 22nd Floor
New York, NY 10036
Attorneys for Plaintiffs (*Via* First Class Mail)

---

*Handwritten note:*

A premotion conference will be held on JANUARY 3, 2008 at 4pm. Plaintiff is directed to respond to this letter by Dec. 13, 2007. Pursuant to my individual rules and practices, Rule 2.A, such letters are due within 3 business days of receipt of the moving party's letter.

Dated: RICHARD J. SULLIVAN, U.S.D.J.