# GOLDBERG WEPRIN & USTIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
MARK E. KAUFMAN
STEVEN R. UFFNER
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS*
LISA R. RADETSKY
ROBERT W. LO SCHIAVO
ELIZABETH SMITH\*▲†

MATTHEW E. HEARLE
RICHARD H. MERZ
STEVEN J. SALTZMAN
DORAN I. GOLUBTCHIK
STEPHEN BORDANARO
SERGIO J. TUERO*
LISA C. NASIAK*
AUBREY E. RICCARDI*
GERALD BUKARY
STUART T. BASSEL
STACY M. MARKUS■
DOROTHY A. GALVIN
DANIEL A. SINGER
RANDI K. STEMPLER†
MARK B. STILLMAN*
MICHAEL P. SHERIDAN
JENNIFER C. RINALDI**

22ND FLOOR
1501 BROADWAY
NEW YORK, N.Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518

MARK NESOFF
DAVID L. SMITH\*"
KENNETH P. HOROWITZ**
DAVID GALANTER
LEWIS KUPER
(OF COUNSEL)

EMANUEL GOLDBERG (1904-1988)
JACK WEPRIN (1930-1996)

* ALSO MEMBER OF NEW JERSEY BAR
** ALSO MEMBER OF CONNECTICUT BAR
▲ ALSO MEMBER OF TEXAS BAR
† ALSO MEMBER OF MASSACHUSETTS BAR
\* ALSO MEMBER OF FLORIDA BAR
■ ALSO MEMBER OF U.S. VIRGIN ISLANDS BAR

December 13, 2007

*Via ECF and Federal Express*

The Honorable Richard J. Sullivan
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **1230 Park Associates, LLC, et al. v. Hiram Sturm**
               **(Civil Case No. 07 Civ. 3743 (RJS))**

Dear Judge Sullivan:

      Our law firm represents the plaintiffs in the above referenced action. Pursuant to the Court's order of December 10, 2007, I write in response to the Pre-Motion Conference Request dated November 26, 2007 submitted by defendant's counsel, Nicomedes Sy Herrera, Esq.

      While plaintiffs do not object to a conference, as hereinafter set forth, plaintiffs believe that the requested motion to dismiss is without merit. An analysis of the assertions set forth in Mr. Herrera's letter underscores that, at best, questions of fact exist which require further exposition through discovery. For example, counsel asserts that the payments made by Mr. Soltzer to Dr. Sturm represented repayment of antecedent debt. Plaintiffs should be afforded the opportunity to determine the bona fides of these alleged obligations. In addition, New York's Debtor and Creditor Law does not in all circumstances require a fraudulent intent to circumvent creditors, the circumvention of creditors is under certain statutes sufficient to impose liability. See e.g., Debtor and Creditor Law §§ 273, 278.

The Honorable Richard J. Sullivan
December 13, 2007
Page Two

    Moreover, it is not at all clear that a person is entitled to steal from one to pay debts owed to others. Since the complaint alleges that funds directly traceable to the illegal proceeds taken from plaintiffs were paid to Dr. Sturm, the law certainly provides for recovery of such amounts.

    Mr. Herrera further asserts that the action must be dismissed because Mr. Soltzer has not been made a party. He goes on to argue that this omission is not remediable because Mr. Soltzer's joinder would destroy diversity. I suggest that Mr. Herrera's arguments are invalid.

    First, while Mr. Soltzer would most certainly be a proper party, plaintiffs do not agree that he is a necessary or indispensable party to the degree that prevents the action from proceeding in his absence. See, United States of America v. Mazzeo, 2001 U.S. Dist. LEXIS 1698 (E.D.N.Y. 2001) ("[T]he only necessary parties to a fraudulent conveyance action are the transferee and any other party who may claim an interest in the property conveyed.").

    Moreover, Mr. Soltzer is already properly before the Court in the related action entitled 1230 Park Associates LLC, et al v. Soltzer, Southern District of New York Docket No.: 06-7684 (the "Soltzer Litigation"). At the time of the commencement of the Soltzer Litigation, Mr. Soltzer was a resident of Connecticut. With the plaintiff being New York entities (and their members being citizens of States other than Connecticut), diversity jurisdiction was established. After commencement of the Soltzer Litigation, Mr. Soltzer moved to New York and made application to Judge Karas that the diversity jurisdiction was thereby destroyed. By Order dated November 27, 2006, Judge Karas rejected the argument that diversity jurisdiction was destroyed by Mr. Soltzer's move.

    In light of the foregoing, should the Court deem it appropriate to include Mr. Soltzer in the adjudication of plaintiffs' claims against Dr. Sturm, plaintiff will request that the instant action be consolidated with the Soltzer Litigation. This will permit Dr. Sturm to have access to Mr. Soltzer in the litigation context and ensure that he has full opportunity to create and present a defense to plaintiff's claims. Consolidation will also prevent the obvious prejudice which would be visited on plaintiffs through dismissal of the action. Alternatively, should the Court not be inclined to consolidate the actions, plaintiffs will move the Court for leave to amend the complaint in the Soltzer Litigation so as to add Dr. Sturm as a defendant. Since the amendment would relate back to the filing of the original complaint, the diversity jurisdiction already established would be preserved and Dr. Sturm's contention of destroyed diversity obviated. Rather than put the Court and the parties to the task of motion practice, I would suggest that an alternative procedure be utilized to obtain the same end result.

The Honorable Richard J. Sullivan
December 13, 2007
Page Three


      Finally, with respect to Mr. Herrera's attack on specific claims, I would suggest that they are premature. While certain Debtor and Creditor Law claims do depend upon a showing of specific intent on the defendant (*e.g.* plaintiff's Third Claim founded upon Debtor and Creditor Law §276), others do not (*e.g.* plaintiffs' Second Claim founded upon Debtor and Creditor Law §275 and plaintiffs' Fourth Claim founded upon Debtor and Creditor Law §278).

      Notwithstanding the evidentiary requirements imposed by particular statutes, it bears recollection that these are factual issues which will depend upon proof obtained during the discovery process. The unsworn assertion of facts by counsel as to the defendant's knowledge or intent should not be utilized to frame issues that affidavits and testimony will address in due course.

      In light of the foregoing, plaintiffs welcome the January 3, 2008 conference to chart the course of the litigation going forward but, respectfully, believe that threshold motion practice is inappropriate.

      Plaintiffs thank the Court for its consideration of this letter.

                                  Respectfully yours,

                                  Matthew Hearle


MEH/abm

cc:    Nicomedes Sy Herrera, Esq.
       (*Via Federal Express*)